UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DAMIEN SHONTELL HEWLETT,

    Plaintiff,

v.                                  Case No. 22-C-296

KYLE DEMERS, et al.,

    Defendants.

---

## DECISION AND ORDER

---

Plaintiff Damien Shontell Hewlett, a prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983. On April 4, 2022, he paid an initial partial filing fee of $42.52, and on April 15, 2022, the Court ordered his institution to collect the remainder of the $350 filing fee over time from his prison trust account. On November 15, 2022, Hewlett filed a letter asking the Court to allow him to pay the remainder of the filing fee with funds in his release account. Dkt. No. 27.

The Prison Litigation Reform Act (PLRA) applies to this case because Hewlett was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a general account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Adm. Code § DOC 309.466). Although the Court can order disbursements from the release

account for payment of the initial partial filing fee, the PLRA does not require the Court to invade that account for payment of the balance. *See* 28 U.S.C. §1915(b). Nothing in the language of 28 U.S.C. §1915(b)(2) "can be interpreted as congressional intent that prisoners deplete savings or release account balances in order to pay off their filing fee debts." *Carter v. Bennett*, 399 F. Supp. 2d 936, 937 (W.D. Wis. 2005). Indeed, allowing a prisoner to pay his full filing fee out of funds from his release account would defeat the purpose of the PLRA's requirement that prisoners filing lawsuits pay the full filing fee over time. The legislative history of the PLRA shows that Congress intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). This intent would be severely undermined by allowing prisoners to pay the full filing fee using funds to which they lack access in any event. Given this intent and the rationale for segregating funds into a release account, and absent federal statutory authority compelling such a result, the Court declines to order that the remainder of Hewlett's filing fee be paid from that account.

**IT IS THEREFORE ORDERED** that Hewlett's request for an order to pay the remainder of the filing fee with funds in his release account (Dkt. No. 27) is **DENIED**.

Dated at Green Bay, Wisconsin this 21st day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge